UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-24100-CIV-MORENO/HUNT
(18-20229-CR-MORENO)

ROQUE ENMANUEL MATA,

    Movant

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Movant Roque Enmanuel Mata's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF. No. 1. The Honorable Federico A. Moreno previously referred this case to the undersigned United States Magistrate Judge for a report and recommendation regarding disposition of all dispositive motions. ECF No. 8; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Government's Answer, ECF No. 6, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Movant's motion be DENIED.

### I. Background

Movant pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). At his change of plea hearing, Movant admitted that prior to possessing a firearm, he had been convicted of a felony offense, that is, a crime punishable by a term of imprisonment of more than a year. After Movant's conviction

became final, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that in a prosecution under § 922(g), the Government must prove that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. On October 3, 2019, Movant timely filed the instant Motion to Vacate, asserting two claims:

1. His conviction must be vacated in light of *Rehaif* because he lacked knowledge of his status as a convicted felon at the time of his offense; and

2. His counsel was ineffective for failing to properly advise him of the elements of a § 922(g) offense.

## II. Legal Standard

A federal prisoner claiming that his or her sentence is unlawful may move the court that imposed the sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). But because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining whether a claim is cognizable, a district court must find that a § 2255 movant has asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

### III. Analysis

A. <u>Claim One</u>

Movant's first claim—that his conviction is invalid under *Rehaif*—is procedurally defaulted for failure to raise it on direct appeal. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245,

3

1258 (11th Cir. 2001) (citation omitted). "This rule generally applies to all claims, including constitutional claims." *Lynn*, 365 F.3d at 1234 (per curiam) (citations omitted). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule." *Id.* "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (citations omitted). Under the second exception, the defendant must show that he is "actually innocent." *Id.* at 1234-35 (citing cases).

"The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citation omitted). A movant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (citations omitted).

Movant argues that he can satisfy the 'cause' exception because *Rehaif* was decided after his conviction became final and thus a *Rehaif* claim was not available to him on direct appeal. To be sure, *Rehaif* reversed Eleventh Circuit precedent which held that a § 922(g) conviction does *not* require the defendant to have knowledge of his status as a convicted felon. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997). Thus, it was arguably futile for Movant to raise this claim on direct appeal.  But "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting

4

*Engle v. Isaac*, 456 U.S. 107, 130 n. 35 (1982)). As other courts in this district have found, a *Rehaif* claim cannot overcome procedural default because "the question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under the novelty exception" to the procedural default rule. *See Anderson v. United States*, No. 19-24903-CIV-MARTINEZ/LOUIS, 2020 WL 5803327, at *3 (S.D. Fla. Sept. 8, 2020) (citing *Dawkins v. United States*, No. 17-80095-CR-BLOOM, 2020 WL 4936978, at *3 (S.D. Fla. Aug. 24, 2020)).

But even if Movant could demonstrate cause, he cannot show either prejudice from the asserted *Rehaif* error or actual innocence. To establish prejudice, Movant must show that there is a reasonable probability that but for the error, his convictions or sentences would have been different. *See Mincey v. Head*, 206 F.3d 1106, 1147 (11th Cir. 2000) (holding that the showing of prejudice necessary to overcome a procedural default is the same showing of prejudice required by *Strickland v. Washington,* 466 U.S. 668 (1984)). Absent a showing of cause and prejudice, Movant must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 622. "Actual innocence" means factual innocence, not mere legal insufficiency. *Id.* at 623.

Here, the record firmly establishes that Movant was aware of his status as a convicted felon at the time he possessed a firearm. Movant admitted in his written factual proffer that when he was approached by law enforcement in this case, he stated:

> *I'm fucked. I'm a convicted felon.* There is a gun in the bag. The gun is not mine. I'm holding it for my friend.

ECF-CR No. 17 at 1 (emphasis added). During Movant's plea colloquy, the prosecutor read the proffer in open court, including the quoted language. When asked if he "agreed

5

with everything the prosecutor has stated," Movant replied "Yes." ECF-CR No. 24 at 5. He was then specifically asked: "Were you a convicted felon?" Again, he replied: "Yes." *Id.* Subsequently, at his sentencing, Movant again admitted knowledge of his status under oath: "I should have never had [the guns] at all because I was a convicted felon. . . . I've been a convicted felon since I was 21." ECF-CR No. 25 at 12-13. Accordingly, Movant's *Rehaif* claim is procedurally defaulted.

B. Claim Two

Movant's second claim—that his counsel was ineffective for failing to properly advise him of the elements of a § 922(g) offense—is likewise without merit. Relying again on *Rehaif*, Movant asserts that his counsel erroneously advised him that the Government did not need to prove he was aware of his status as a convicted felon at the time of his offense. ECF No. 1 at 7. To prevail on an ineffective assistance of counsel claim, Movant must show: (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland,* 466 U.S. at 687. In the guilty plea context, to show prejudice, the movant must establish that, but for counsel's deficient performance, "there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1984).

Here, Movant cannot show prejudice because, as explained above, he was aware of his status as a convicted felon. Thus, even if Movant's allegations concerning his counsel's erroneous advice are true, he cannot show that but for this advice, he would have proceeded to trial and presented a lack-of-knowledge defense. *Cf. United States v. Thomas*, 810 F. App'x 789, 799 (11th Cir. 2019) (holding that a defendant could not show that he would gone to trial but for the district court's *Rehaif* error because the record

6

established that he was aware of his status as a convicted felon). Accordingly, Movant cannot prevail on his ineffective-assistance-of-counsel claim.

### IV.     Evidentiary Hearing

The undersigned concludes that Movant is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]"  28 U.S.C. § 2255(b).

### V.     Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Movant's § 2255 Motion be DENIED. The undersigned further RECOMMENDS that pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant be DENIED a certificate of appealabilty because he has failed to make a substantial showing that he was denied a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 14th day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Federico A. Moreno
Counsel of record via CM/ECF
**Roque Enmanuel Mata**
15368-104
Butner Medium II
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1500
Butner, NC 27509
PRO SE